**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHAKEYSHA FLUDD and TAIJZA
BAILEY,

        Plaintiffs,

v.                                                                    Case No.: 3:25-cv-976-WWB-LLL

DEPUTY DELBERT BURKES, KELVI
XHUKE, ROBERT HARDWICK,
DEPUTY JASON BRIGGS, DEPUTY
MICHAEL REDDINGTON and
BRITTANY XHUKE,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Shakeysha Fludd's Motion for Preliminary Injunction (Doc. 68) and Defendants' responses (Doc. Nos. 76, 77) thereto. For the reasons set forth below, Plaintiff's Motion will be denied without prejudice.

**I.    BACKGROUND**

In October 2024, a final judgment of foreclosure was entered against Plaintiffs, Shakeysha Fludd and Taijza Bailey, for their residence in St. Augustine, Florida. (Doc. 96 at 3). The property was sold at a foreclosure sale in February 2025 to Remodeling Management Services, Inc. ("**RMS**") and a writ of possession was issued on February 28, 2025. (*Id.*). Plaintiffs became aware of the writ on March 3, 2025, when a deputy with the St. John's County Sheriff's Office ("**SJSO**") posted it on the property, providing Plaintiff 24-hours' notice to evacuate the premises. (*Id.*; Doc. 96-2 at 4). On March 5, 2025, Defendants Deputy Delbert Burkes, Deputy Jason Briggs, and Deputy Michael

Reddington ("**Officer Defendants**") came to the residence to execute the writ, at which time they entered the residence, handcuffed and removed Fludd, and tased, handcuffed, and removed Bailey. (Doc. 96 at 3–4). Burkes then permitted Defendant Kelvi Xhuke to enter the residence, change the locks, and take physical possession of the property. (*Id.* at 4). Plaintiffs were arrested and received trespass warnings, at the request of Kelvi Xhuke, prohibiting them from returning to the property to remove personal belongings. (*Id.* at 5). As a result of the execution of the writ, Plaintiffs allege various constitutional claims against Defendants pursuant to 42 U.S.C. § 1983 including excessive force, unlawful search and seizure, and violations of procedural due process, as well as state law claims for conversion, intentional infliction of emotional distress, and declaratory relief. (*Id.* at 6–11).

## II.    LEGAL STANDARD

"The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III.    DISCUSSION

Fludd seeks to enjoin Defendants from "disposing of, destroying, transferring, altering, or otherwise interfering with" any personal property remaining at the residence pending the resolution of this litigation.  (Doc. 68 at 1).  Therein, Fludd argues that she has established a substantial likelihood of success on the merits with respect to conversion and civil theft.  (*Id.* at 4).  The Second Amended Complaint (Doc. 96) does not contain a claim for civil theft; therefore, the Court will only consider Fludd's likelihood of success as to conversion.  *See Garrison v. Nuzum*, No. 2:23-cv-916, 2024 WL 5273268, at *2 (M.D. Fla. June 27, 2024) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." (quotation omitted)); *see also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).  Likewise, because Fludd brings a conversion claim only against Defendants Kelvi and Brittany Xhuke and none of the claims alleged in the Second Amended Complaint allege that the Officer Defendants or Robert Hardwick wrongfully retained personal property located within the residence, the Court limits its discussion only to the Xhuke Defendants.

The Xhuke Defendants argue that Fludd's Motion must be denied because she has failed to establish irreparable harm.  With respect to irreparable harm, Fludd states that the Xhuke Defendants have threatened to dispose of her personal property and that "[m]any of the items are unique, personal, and sentimental, and cannot be adequately compensated by monetary damages."  (Doc. 68 at 4).  Fludd does not further elaborate on the nature of such items in her Motion and the attached Declaration notes, in a conclusory fashion, that the items include "[s]entimental items," "family heirlooms[,] and

3

irreplaceable items," but does not provide any additional descriptions or details.  (Doc. 68-1 at 2–3).

Under Florida law, "[a]n injunction will not be granted for the return or retention of personal property unless the property is peculiar or unique."  *Graham v. Battey*, 347 So. 3d 515, 521 (Fla. 5th DCA 2022) (quoting *Esposito v. Horning*, 416 So. 2d 896, 897 (Fla. 4th DCA 1982)).  "Equity can intercede when the personal property is of unique character and value, such as an antique, and there is no adequate remedy at law."  *Id.*; *see also Schiller v. Miller*, 621 So. 2d 481, 482 (Fla. 4th DCA 1993) (holding that specifically described items of jewelry, which were "unique one of a kind creations," including an engagement ring, were sufficiently unique to support injunctive relief); *but see GLL Air, LLC v. Mid-S. Servs., Inc.*, No. 8:14-cv-1698-T, 2014 WL 12623246, at *4–5 (M.D. Fla. Oct. 10. 2014) (holding that an aircraft was not unique enough and the plaintiff had an adequate remedy at law); *Morris v. Ricks*, 573 So. 2d 1029, 1030 (Fla. 2d DCA 1991) (finding that stock was not sufficiently unique even though it was not tradable on the open market and was restricted because the value of the stock could be ascertained).  Here, the majority of items listed in Fludd's Declaration are certainly not unique, and monetary damages would offer an adequate remedy.  (*See* Doc. 68-1 at 1–3 (listing items such as furniture, electronics, home décor, media, clothing, and appliances)).  To the extent Fludd claims there are also items of sentimental value and family heirlooms, she fails to describe such items with any particularity sufficient to permit the Court to determine that they fall within the exception.  Therefore, Fludd has failed to carry her burden to establish irreparable harm, and her Motion will be denied.  *See Siegel*, 234 F.3d at 1176 (holding that irreparable harm is "the sine qua non of injunctive relief" and "the absence of a

4

substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper" (citations omitted)); *Josey v. Transp. Sec. Admin.*, No. 3:25-cv-829, 2025 WL 2684183, at *3 (M.D. Fla. July 29, 2025) ("[A] party's failure to establish any one of the essential elements will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements.").

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff Shakeysha Fludd's Motion for Preliminary Injunction (Doc. 68) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida on April 20, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties